UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEYSTONE CAPITAL PARTNERS, INC.,

        Plaintiff,

   v.

BRIAN JACK, et al.,

        Defendants.

CIVIL ACTION NO.
1:21-CV-02147-JPB

## ORDER

This matter is before the Court on Keystone Capital Partners, Inc.'s ("Plaintiff") Motion to Remand to the Superior Court of Fulton County [Doc. 2]. This Court finds as follows:

## BACKGROUND

Plaintiff filed this action against Brian Jack, Matt Figueroa and Pinnacle Peak Private Client Group, LLC on April 23, 2021, in the Superior Court of Fulton County. [Doc. 1-1]. According to the allegations in the Complaint, Plaintiff sold Defendant Pinnacle its financial planning business for $6,200,000. Id. at 4. To finance at least part of the sale, Defendant Pinnacle executed a Promissory Note ("Note") in favor of Plaintiff. Id. The Note, in turn, was secured by two Guaranty Agreements: one signed by Defendant Jack and one signed by Defendant Figueroa

(collectively, "the Guarantor Defendants"). <u>Id.</u> at 6. Relevant here, each Guaranty

Agreement contained a forum-selection clause that provided that:

> The Guarantor hereby irrevocably consents to the exclusive
> jurisdiction of *the Court of Fulton County, Georgia*; provided
> that nothing contained in this Guaranty will prevent the Lender
> from bringing any action, enforcing any award or judgment or
> exercising any rights against the Guarantor individually, against
> any security or against any property of the Guarantor within any
> other county, state or other foreign or domestic jurisdiction. The
> Guarantor acknowledges and agrees that the venue provided
> above is the most convenient forum for both the Lender and the
> Guarantor. The Guarantor waives any objection to venue and
> any objection based on a more convenient forum in any action
> instituted under this Guaranty.

<u>Id.</u> at 32 (emphasis added). The Note, executed by Defendant Pinnacle, did not

contain a forum-selection clause.

On May 21, 2021, Defendants removed the action to this Court. [Doc. 1].

Shortly thereafter, on May 27, 2021, Plaintiff filed the instant Motion to Remand

to the Superior Court of Fulton County. [Doc. 2].

## LEGAL STANDARD

Forum-selection clauses are enforceable in federal courts, and courts may

remand a case to enforce a valid forum-selection clause. <u>Snapper, Inc. v. Redan</u>,

171 F.3d 1249, 1263 n.6 (11th Cir. 1999). As a general rule, forum-selection

clauses are to be interpreted by reference to "ordinary contract principles." <u>Id.</u> at

1261. Moreover, forum-selection clauses are either permissive or mandatory in

nature.  Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272

(11th Cir. 2004).  "A permissive clause authorizes jurisdiction in a designated

forum but does not prohibit litigation elsewhere.  A mandatory clause, in contrast,

'dictates an exclusive forum for litigation under the contract.'"  Id. (quoting

Snapper, 171 F.3d at 1262 n.24).  In some circumstances, forum-selection clauses

may constitute a waiver of a defendant's right to remove an action to federal court.

Snapper, 171 F.3d at 1260.

## DISCUSSION

Plaintiff argues that the forum-selection clauses require remand for two

separate reasons.  First, Plaintiff contends that remand is required because the

Guarantor Defendants submitted to the "exclusive jurisdiction of the Court of

Fulton County."  [Doc. 2-1, p. 2].  Second, Plaintiff asserts that by waiving "any

objection to venue and any objection based on a more convenient forum in any

action instituted under this Guaranty," the Guarantor Defendants forfeited their

right to removal.  Id.

1. Exclusive Jurisdiction

Both Guaranty Agreements contain a provision which states that "[t]he

Guarantor hereby irrevocably consents to the exclusive jurisdiction of the Court of

Fulton County, Georgia."  [Doc. 1-1, p. 32].  Plaintiff contends that these

provisions are mandatory forum-selection clauses that require remand. Defendants,[1] on the other hand, assert that the forum-selection clauses are unenforceable because they are ambiguous.  More particularly, Defendants argue that "the Court of Fulton County" is ambiguous because a court by that name does not exist, and the forum-selection clauses fail to identify a single existing court that has exclusive jurisdiction.

Stateline Power Corp. v. Kremer, decided by the Eleventh Circuit Court of Appeals in 2005, is particularly relevant to the issue presented in this case.  148 F. App'x 770 (11th Cir. 2005).  In discussing Stateline Power, the Court will outline both the district court's analysis and the Eleventh Circuit's analysis.

Beginning with the district court, the court examined the following forum-selection clause:

> This agreement and the rights and obligations hereunder shall be governed by the laws of the State of Florida and the parties to this Agreement specifically consent to the jurisdiction of *the courts of the State of Florida* over any action arising out of or related to this Agreement.

---

[1] The Court observes that the Note signed by Defendant Pinnacle does not include a forum-selection clause that would either require jurisdiction in a certain court or waive the right to removal.  Defendant Pinnacle, however, has not raised any arguments relating to the fact that the Note does not contain a forum-selection clause.  Instead, Defendant Pinnacle has joined the Guarantor Defendants in opposing the Motion to Remand on ambiguity grounds.

<u>Stateline Power Corp. v. Kremer</u>, No. 04-21927-CIV-KING (S.D. Fla. filed Dec. 13, 2004) (emphasis added).  In moving for remand, the plaintiff argued that the forum-selection clause mandated that trial be heard in a state court of Florida.  <u>Id.</u> at 1.  Conversely, the defendant asserted that the forum-selection clause permitted the case to be tried in any court within the state of Florida, including a federal court.  <u>Id.</u> at 1-2.  The district court determined that the forum-selection clause specifically limited jurisdiction to "courts of the State of Florida," which necessarily meant state courts and did not include federal courts.  <u>Id.</u> at 2.  In its analysis, the district court clarified that while "[t]he United States District Court for the Southern District is a federal court located in the state of Florida, it is not a court of the State of Florida."  <u>Id.</u>  Ultimately, the district court remanded the action to state court.

On appeal, the Eleventh Circuit reversed the district court's decision. <u>Stateline Power</u>, 148 F. App'x at 772.  The Eleventh Circuit held that "[c]ontrary to the district court's view, the phrase 'the courts of the State of Florida' is ambiguous, potentially including not only state courts but federal courts as well." <u>Id.</u> at 771.

In this case, the forum-selection clauses provide that the Guarantor Defendants consented to the exclusive jurisdiction of "the Court of Fulton

County."  Like the district court in Stateline Power, this Court believes that the most reasonable interpretation of the provision "the Court of Fulton County" is a reference to a court that is *of* (and only of) Fulton County.  While there are numerous state and federal courts *in* Fulton County, there are only a few courts that are both in Fulton County and whose jurisdiction covers all of, but is at the same time limited to, Fulton County.  These courts include the Magistrate, State and Superior Courts of Fulton County.  Notably, the United States District Court for the Northern District of Georgia, although geographically in Fulton County, has jurisdiction that goes beyond Fulton County.  The same is true of Georgia's new State-wide Business Court, which is in Fulton County but has state-wide jurisdiction.

The Eleventh Circuit has held, however, that the interpretation identified above is not the only possible interpretation of such a provision.  "[T]he court of Fulton County" could also, under Statewide Power, 148 F. App'x. at 772, be interpreted to include both state and federal courts located within Fulton County.  Given this binding precedent, the Court finds that the phrase "the Court of Fulton County" is ambiguous and it is thus unable to remand on the ground that another court has exclusive jurisdiction.[2]

---

[2] Even if this Court were to ignore Statewide Power and find that the phrase "the Court of Fulton County" meant only a court that is in Fulton County and whose jurisdiction covers

2.  Waiver of Objections to Venue

As stated previously, forum-selection clauses may, in certain circumstances, constitute a waiver of a defendant's right to remove an action to federal court.  In this case, the Guaranty Agreements provide that "[t]he Guarantor waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Guaranty."  [Doc. 1-1, p. 32].  Plaintiff contends that this waiver encompasses the right to removal.

Several Eleventh Circuit cases guide the Court's interpretation of the above provision.  In Snapper, the forum-selection clause at issue stated:

> The Undersigned agrees that any legal action or proceeding with respect to this instrument may be brought in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, all as Creditor may elect. By execution of this instrument, the Undersigned hereby submits to each such jurisdiction, hereby expressly waiving whatever rights may correspond to it by reason of its present or future domicile.  Nothing herein shall affect the right of Creditor to commence legal proceedings or otherwise proceed against the Undersigned in any other jurisdiction or to serve process in any

---

all of, but is at the same time limited to, Fulton County, it would still not know which of the multiple such courts has "exclusive jurisdiction."  Even Plaintiff readily admits that exclusive jurisdiction could belong in either the State or Superior Court of Fulton County.  Therefore, even if the Court were able to adopt the narrower interpretation, the provision providing for exclusive jurisdiction in "*the* Court of Fulton County" (emphasis added) would still be "simply ambiguous" and "lend[] itself to several possible reasonable interpretations."  Global Satellite, 378 F.3d at 1274.  Ultimately, if the parties intended to permit suit only in the Superior Court of Fulton County, as Plaintiff claims, the contract could have easily stated that intention precisely.

manner permitted or required by law.  In furtherance of the foregoing, the Undersigned hereby appoints the Secretary of the State of Georgia as its agent for service of process.

171 F.3d at 1260.  In interpreting this provision, the Eleventh Circuit concluded that the undersigned waived its right to remove.  Id. at 1262.  More specifically, the court determined that the waiver of "whatever rights may correspond to it by reason of its present or future domicile" encompassed all rights, including the right to removal.  Id.  The court also noted that the forum-selection clause contained a provision that allowed the creditor to elect the particular forum and allowing removal would defy that express language of the contract.  Id.

In Global Satellite, the Eleventh Circuit discussed a narrower forum-selection clause:

This Agreement shall be construed and enforced in accordance with the laws of the United States of America.  Venue shall be in Broward County, Florida.  In the event of litigation, the prevailing party shall be entitled to reasonable attorney's fees both at the trial and appellate levels.  The parties to this agreement herein expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida.

378 F.3d at 1271.  Unlike the waiver in Snapper that encompassed "whatever rights may correspond to it by reason of its present or future domicile," the court determined that this waiver was "clearly limited to issues regarding venue or in

personam jurisdiction" and did "not encompass the statutory right to remove."  Id. at 1273.

In this case, the forum-selection clauses at issue are not meaningfully different from the clause in Global Satellite.  Here, the Guarantor Defendants did not give up "whatever rights" are associated with their domicile like in Snapper.  Instead, they gave up their right to contest venue and their right to argue that another forum was more convenient.  Thus, this Court finds that the waiver in this case is limited and does not encompass the statutory right to remove.  Accordingly, Plaintiff is not entitled to remand on this ground.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand to the Superior Court of Fulton County [Doc. 2] is **DENIED**.

**SO ORDERED** this 12th day of January, 2022.

_____

**J. P. BOULEE**
United States District Judge