UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEYSTONE CAPITAL PARTNERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN JACK, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:21-CV-02147-JPB |

# ORDER

This matter is before the Court on Brian Jack, Matt Figueroa and Pinnacle Peak Private Client Group, LLC's (collectively, "Defendants") Motion to Dismiss Complaint for Failure to State a Claim [Doc. 3]. This Court finds as follows:

## BACKGROUND

On April 23, 2021, Keystone Capital Partners, Inc. ("Plaintiff") sued Defendants. [Doc. 1-1]. According to the allegations in the Complaint, Plaintiff sold its financial planning practice to Defendant Pinnacle for $6,200,000. Id. at 4. To finance a portion of the sale, Defendant Pinnacle executed a Promissory Note ("Note") in favor of Plaintiff. Id. The Note, in turn, was secured by two Guaranty Agreements: one signed by Defendant Jack and one signed by Defendant Figueroa (collectively, the "Guarantor Defendants"). Id. at 6. The Guaranty Agreements

provided that in the event of Defendant Pinnacle's default, the Guarantor Defendants would pay the amount owed to Plaintiff.  Id.

Plaintiff alleges that the entire unpaid principal sum and accrued interest was due in a lump sum on January 9, 2021, and that Defendant Pinnacle failed to make the required payment.  Id. at 5.  Plaintiff further contends that after demanding payment from the Guarantor Defendants, the Guarantor Defendants also failed to make the required payment.  Id.

As a result, Plaintiff asserts the following causes of action: (1) breach of the Note against Defendant Pinnacle; (2) breach of the Guaranty Agreements against the Guarantor Defendants; (3) breach of the implied duty of good faith and fair dealing against Defendants; and (4) attorney's fees against Defendants.  On May 28, 2021, Defendants filed the instant Motion to Dismiss Complaint for Failure to State a Claim.  [Doc. 3].  The motion is now ripe for review.

## LEGAL STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff."  Traylor v. P'ship Title Co., 491 F. App'x 988, 989 (11th Cir. 2012).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citation omitted). At bottom, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Traylor, 491 F. App'x at 990 (quoting Iqbal, 556 U.S. at 678).

## DISCUSSION

Defendants argue that dismissal is required because Plaintiff's Complaint is a "shotgun pleading." Defendants also argue that Count III and a portion of Count IV fail to state a claim.

　　1. Shotgun Pleading

As stated immediately above, Defendants argue that Plaintiff's Complaint is a shotgun pleading. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," which violate Rule 8's requirement that a complaint contain a short and plain statement of the claim. Vibe Micro, Inc. v. Shabanets, 878 F.3d

1291, 1295 (11th Cir. 2018).  The Eleventh Circuit Court of Appeals has explained that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."  Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).  Shotgun pleadings,

> whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard.  The courts of appeals and the litigants appearing before them suffer as well.

Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356–57 (11th Cir. 2018).  In sum, tolerating shotgun pleadings "constitutes toleration of obstruction of justice."  Id. at 1357.

Typically, shotgun pleadings are characterized by any one of the following: (1) multiple counts that each adopt the allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act or which of the defendants the claim is brought against.  McDonough v. City of Homestead, 771 F. App'x 952, 955

(11th Cir. 2019). These categories "do not have precise and clearly marked boundaries." Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020). Rather, the "unifying characteristic" of all shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

Here, Defendants contend that Plaintiff's Complaint is a shotgun pleading because the Complaint contains four counts, all four of which begin by alleging and incorporating all prior paragraphs. The Court declines to dismiss the Complaint on shotgun pleading grounds. While the four counts adopt the allegations of the preceding counts, dismissal is only appropriate "where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief.'" Id. at 1325 (citation omitted). In this case, it is clear to the Court that the Complaint provides Defendants with adequate notice of the claims against them and the grounds upon which each claim rests. As a result, dismissal on shotgun pleading grounds is inappropriate. To the extent Defendants seek dismissal on shotgun pleading grounds, the motion is **DENIED**.

### 2. Count III: Breach of the Duty of Good Faith and Fair Dealing

In Count III, Plaintiff alleges that Defendants violated the duty of good faith and fair dealing. Defendants move for dismissal of this count alleging failure to state a claim. In their motion, Defendants argue that dismissal is required because "there is no such thing as an independent cause of action for a breach of duty of good faith and fair dealing." [Doc. 3-1, p. 5].

In Georgia, "[e]very contract implies a covenant of good faith and fair dealing in the performance of the terms of the agreement." WirelessMD, Inc. v. Healthcare.com Corp., 610 S.E.2d 352, 358 (Ga. Ct. App. 2005) (quoting Camp v. Peetluk, 585 S.E.2d 704, 708 (Ga. Ct. App. 2003)). The Eleventh Circuit has held that, under Georgia law, "good faith and fair dealing is an implied covenant, not an independent contract term. Thus, a claim for breach of the implied covenant of good faith and fair dealing can stand as long as it is tied to [a] breach of an actual term of the contract." Deverze v. Uber Techs., Inc., No. 1:19-CV-4988, 2021 WL 1053641, at *10 (N.D. Ga. Feb. 4, 2021). While Defendants are correct that there is no independent cause of action for a breach of the duty of good faith and fair dealing, this simply means that "there is no independent cause of action . . . apart from [a] breach of an express term of the contract." Id. at *10 (quoting Morrell v. Wellstar Health Sys., Inc., 633 S.E.2d 68, 72 (Ga. Ct. App. 2006)). Stated another

way, the implied covenant of good faith "modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms *de facto* when performance is maintained *de jure*." Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990).

Turning to the allegations in the Complaint, Plaintiff asserts that the Note contained an "Annual Adjustment" provision, which allowed for an adjustment of the 2019 and 2020 payments due under the Note. [Doc. 1-1, p. 5]. This provision provided that if the annual revenues for the preceding twenty-four months were less than 80% of $4,000,000, then the annual payments due in 2019 and 2020 were to be forgiven at the rate of 50% of the annual payment. Id. If the annual revenues dropped below 50% of $4,000,000 for the preceding twelve months, then the annual payments were to be forgiven entirely. Id.

Plaintiff alleges that Defendants breached the implied duty of good faith and fair dealing by diverting significant client leads away from Plaintiff's former business. Id. at 12. According to Plaintiff, by diverting the large client leads, Defendant Pinnacle, who was responsible for the accounting under the "Annual Adjustment" provision, ensured that it would not meet the revenue threshold which would have triggered Defendant Pinnacle's obligation to pay 50% of the annual payments in 2019 and 2020. Id. at 12-13.

This Court finds that Plaintiff's allegations are sufficient to state a claim. In this case, Plaintiff has tied its cause of action for a breach of the implied warranty of good faith and fair dealing to an express term of the parties' contract: specifically, the "Annual Adjustment" provision and the duty to provide an accounting. Because Plaintiff has alleged a breach of these express provisions, dismissal is not required. To the extent Defendants seek dismissal of this count, Defendants' motion is **DENIED**.

   3. <u>Count IV: Attorney's Fees</u>

In Count IV, Plaintiff seeks attorney's fees under O.C.G.A. § 13-6-11 and pursuant to the Guaranty Agreements. Defendants do not seek dismissal of all of Count IV. Instead, Defendants only move for dismissal of the portion of the count relating to the Guaranty Agreements. Defendants contend that dismissal of this portion of Count IV is required because Plaintiff failed to allege that it complied with the mandatory notice requirements under O.C.G.A. § 13-1-11—a condition precedent when seeking to recover under the Guaranty Agreements.

Section 13-1-11(a) provides, in relevant part, that "[o]bligations to pay attorney's fees upon any note . . . shall be valid and enforceable and collectable as part of such debt." Importantly, before the obligation is enforceable,

> [t]he holder of the note or other evidence of indebtedness or his or her attorney at law shall, after maturity of the obligation,

> notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees. If the maker, endorser, or party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement. The refusal of a debtor to accept delivery of the notice specified in this paragraph shall be the equivalent of such notice.

O.C.G.A. § 13-1-11(c).

The Court of Appeals of Georgia has held that "[c]ompliance with the notice requirements . . . is a 'mandatory condition precedent' to the recovery of attorney fees." Best v. CB Decatur Ct., LLC, 750 S.E.2d 716, 720 (Ga. Ct. App. 2013). Federal Rule of Civil Procedure 9(c) governs the pleading requirements for a condition precedent. Under Rule 9(c), satisfaction of a condition precedent may be alleged generally in a complaint. The rule specifically states that "it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). If this standard is met by a plaintiff, and a defendant disagrees with the allegations, then "a denial of performance or occurrence shall be made specifically and with particularity" by the defendant. Id.

Plaintiff's allegations regarding attorney's fees are limited to a single paragraph. In that paragraph, Plaintiff alleges that it

> seeks to enforce the Guaranty Agreements by recovering from Jack and Figueroa, jointly and severally, any costs or expenses it incurs in enforcing its rights under the Note and Guaranty Agreements, including reasonable attorneys' fees and the costs and expenses of litigation, bearing interest at the default rate of 12.5%.

This allegation does not specifically or generally allege that the condition precedent has been satisfied. In other words, the Complaint gives no indication that Plaintiff notified Defendants in writing that they had ten days from the receipt of such notice to pay the principal and interest without the attorney's fees. Although the Rule 9(c) pleading standard is not high—indeed, it only requires that conditions precedent be generally pled—it has not been satisfied in this case.

In its response in opposition, Plaintiff argues that dismissal is inappropriate because "the demand letter that Plaintiff served on the [Guarantor Defendants] on April 7, 2021 *did* give notice of Plaintiff's intent to recover attorneys' fees and provide[d] them ten days to make payment." [Doc. 5, p. 12]. But the demand letter is not before the Court, and the Complaint fails to make any general or specific allegations that the demand letter satisfied the condition precedent. Because the Court is limited to the four corners of the Complaint in deciding a motion to dismiss and because the Complaint fails to satisfy the pleading

requirements contained in Rule 9(c), dismissal of Plaintiff's request for attorney's fees pursuant to the Guaranty Agreements is required.  To the extent Defendants seek dismissal on this ground, their motion is **GRANTED**.  The Court notes that the appropriate remedy for a plaintiff's failure to allege compliance with conditions precedent is dismissal without prejudice.  See Maquire v. Fed. Crop Ins. Corp., 181 F.2d 320, 322 (5th Cir. 1950).  Accordingly, the portion of Count IV seeking attorney's fees under the Guaranty Agreements is **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Complaint for Failure to State a Claim [Doc. 3] is **GRANTED IN PART AND DENIED IN PART**.

The parties are **HEREBY ORDERED** to file the Joint Preliminary Report and Discovery Plan no later than January 28, 2022.  The parties are notified that a failure to comply with this Order may result in sanctions, including dismissal.  In

the event a Joint Preliminary Report and Discovery Plan is not filed, the Clerk is **DIRECTED** to submit the case at the expiration of the applicable time period.

**SO ORDERED** this 13th day of January, 2022.

J. P. BOULEE
United States District Judge